UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS HOLLOWAY, an individual, and
REBECCA HOLLOWAY, an individual,

          Plaintiffs,

vs.                                 Case No. 3:15-cv-46-J-34PDB

AA PORTABLE POWER CORPORATION,
d/b/a WWW.BATTERYSPACE.COM, a
California corporation, and GUANGZHOU
GREAT POWER, ENERGY &
TECHNOLOGY CO., LTD., a corporation
incorporated under the laws of the People's
Republic of China,

          Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

On January 20, 2015, Plaintiffs filed their Complaint (Doc. 1), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint ¶ 4. Plaintiffs assert that diversity jurisdiction exists because there is diversity of citizenship

between the parties, and the amount in controversy exceeds $75,000. Id. Specifically, Plaintiffs allege that Defendant Guangzhou Great Power Energy & Technology Co., Ltd. is "a corporation incorporated under the laws of the People's Republic of China with its principal place of business in Panyu, Guangzhou, China," and that Defendant AA Portable Power Corporation, d/b/a www.batteryspace.com, is "a California corporation with its principal place of business in Richmond, Contra Costa County, California." Id. ¶¶ 2-3. Plaintiffs also allege that "at all times relevant to this cause of action, [they] have been residents of Niceville, Okaloosa County, Florida." Id. ¶ 1. However, Plaintiffs fails to identify their citizenship. See generally id.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiffs' allegations. As the Complaint discloses only Plaintiffs' residence, rather than their state of citizenship, the Court finds that Plaintiffs have not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to

establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Plaintiffs an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[1]  Accordingly, it is

**ORDERED**:

Plaintiffs shall have until **February 5, 2014**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on January 22, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").